IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID MEYERS, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 1:11-CV-0173 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

February 25, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Plaintiff David Meyers ("Plaintiff" or "Meyers"), a federal inmate presently confined at the United States Penitentiary- Allenwood ("USP Allenwood") in White Deer, Pennsylvania, initiated the above action *pro se* by filing a civil rights Complaint under the provisions of 28 U.S.C. § 1331. In addition to the undersigned Member of this Court, Meyers names as Defendants the United States Attorney General, the Director of the Federal Bureau of Prisons ("BOP"), and various employees of the BOP, including the Warden of USP Allenwood.

Meyers filed a Motion for leave to proceed *in forma pauperis* (Doc. 2) with his Complaint; however, the Motion was not on the form that is required by this Court,

and therefore, by Order dated January 27, 2011, he was directed either to file a properly completed application to proceed *in forma pauperis* and an authorization form, or tender to the Clerk of Court the $350.00 filing fee, within thirty (30) days. (Doc. 5.) On February 8, 2011, Meyers filed a properly completed Motion for leave to proceed *in forma pauperis* (Doc. 6) and an authorization (Doc. 7) to deduct funds from his inmate account in the amounts specified by 28 U.S.C. § 1915(b) in order to satisfy the $350.00 filing fee for a civil rights action.

For the reasons set forth below, Meyers' request to proceed *in forma pauperis* will be denied pursuant to the Three Strikes Rule, codified at 28 U.S.C. § 1915(g), and this action will be dismissed without prejudice to Meyers' ability to reopen the case by paying the full $350.00 filing fee.

**I.     BACKGROUND**

In his Complaint, Meyers includes details of incidents that allegedly occurred in 2010 during which he claims he was sexually and/or physically assaulted. (Doc. 1 at 2 IV.) He also claims that he has various medical problems, including gastroenteritis, colitis, bone degenerative disease, chronic pain, and urine and bowel incontinence, and that, as retaliation for making complaints, the Warden hired an inmate to stab and sexually assault him in February 2010. (*Id.*) He also complains

that he has not received mental health counseling that he claims was directed in his sentencing order. (*Id.* at 3.) He further alleges that Warden Martinez and other staff have been making notes in his file that he is malingering in an attempt to cover up the fact that he is being deprived of adequate mental health care. (*Id.*) Meyers also complains that he has been assigned an inappropriate security level classification to make it appear that he should be assigned to USP Allenwood. (*Id.*)

In addition, Meyers complains that Warden Martinez only pays him $5.25, but that Martinez then confiscates the $5.25 for "frivolous debt encumberences" and that Case Manager Whitmer has been threatening him with bodily harm if he does not pay his obligation under the Inmate Financial Responsibility Program ("IFRP") and also threatening that he will not send him to a halfway house. (*Id.* at 4.) He also claims that he is subject to racial discrimination with respect to his pay. (*Id.* at 5.)

Meyers also alleges that Warden Martinez was aware that Meyers is an informant, and therefore he told inmates that they would receive transfers to whatever institutions they wanted to go to if they murdered him, and that on April 24, 2010, he was held hostage as part of the plan to murder him. (*Id.*) He also claims that Counselor Fisher sexually harassed him from May 15 through 19, 2010. (*Id.*) Meyers also includes a string of claims without any specific factual allegations, among which

are allegations that he has not received credit for having completed certain programs and has been the victim of racial discrimination. (*Id.* at 6-7.)

## II. DISCUSSION

Under 28 U.S.C. § 1915(g), a federal civil action by a prisoner proceeding *in forma pauperis* is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the section of his Application to proceed *in forma pauperis* that requires him to answer whether as a prisoner he has brought three (3) or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, Meyers checked both the "Yes" and "No" spaces. (*See* Doc. 1 at 3.) He provided the same response to the next question asking whether he is seeking relief because he is under imminent danger of serious physical injury (*see id.*), and then in the space where he is to provide an explanation of the imminent danger he faces, he provides the following response:

> Threats Recieved [*sic*] From Defendants As Stated In Complaint, And Excessive Violence, And Defendants Hiring Gang Members

4

to Attack and Murder Me Is Still Continuing.

(*Id.* at 2.)

A search of the Public Access to Court Electronic Records Database ("PACER") reveals that Meyers has, on at least three (3) other occasions, initiated civil rights actions that were dismissed as frivolous. Three of these prior dismissals were cited in an Order entered by the United States Court of Appeals for the Fourth Circuit on July 10, 2008 in *Meyers v. Virginia State Bar*, No. 08-6849[1]: *Meyers v. United States District Court*, No. 2:07-CV-00363 (E.D. Va. Nov. 1, 2007); *Meyers v. City of Petersburg*, No. 2:03-CV-00248 (E.D. Va. Apr. 11, 2003); *Myers v. Bass*, No. 2:95-CV-00774 (E.D. Va. Aug. 15, 1995). In the case then before the Fourth Circuit, the Court did not find that Meyers was under imminent danger of serious physical injury as required by 28 U.S.C. § 1915(g), and therefore denied his motion to proceed without prepayment of fees under the Prison Litigation Reform Act ("PLRA").

Based on the foregoing, Meyers is barred from proceeding *in forma pauperis* in the instant action. Although there is an "imminent danger" exception to the "three strikes" rule set forth in § 1915(g), Meyers has not made sufficient allegations for the exception to apply in this case. The Third Circuit Court of Appeals has concluded that

---

[1]*See* United States Court of Appeals for the Fourth Circuit, General Docket, available at http://www.pacer.gov.

5

the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)(en banc), *cert. denied*, 533 U.S. 953 (2001). Thus, past danger is insufficient; "[s]omeone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.' " *Id.* at 313. Instead, " '[i]mminent' dangers are those dangers which are about to occur at any moment or are impending." *Id.* at 315. Therefore, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Although Meyers provides a vague allegation in his Application for leave to proceed *in forma pauperis* that the threats and violence he describes in his Complaint are "still continuing," a review of his Complaint reveals that the incidents he describes where he allegedly was physically or sexually assaulted occurred in the past. Even to the extent that Meyers claims that these dangers are continuing, other courts have found that allegations similar to Meyers' are insufficient to meet the "imminent danger" standard. *See Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 552 (D.S.C. 2008) (finding plaintiff's allegations that he had many enemies in prison, there were

6

continuous threats to his life, and prison gangs were out to get him to be "unsupported, vague, self-serving, conclusory speculation" that does not establish imminent danger); *Ticker v. Dawkins*, 2008 WL 510199 at *2 (W.D.N.C. 2008) (finding plaintiff's "broad, completely unsupported" allegation that superintendent had solicited prisoners to murder him insufficient to establish imminent danger).  In the instant case, where Meyers has failed to provide specific factual allegations as to how he is in imminent danger at the present time, he cannot avoid application of the Three Strikes Rule, and his Complaint will be dismissed without prejudice to his ability to re-open this case by paying the full $350.00 filing fee.  An appropriate Order will enter on today's date.